UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

**JORGE (GEORGE) SUAREZ,**

        Plaintiff,

        -v-

**DOUGLAS ELLIMAN, LLC,**

        Defendant.

---------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

05-cv-03468-RWS

Plaintiff hereby alleges upon personal knowledge and information and belief as follows:

## NATURE OF THIS ACTION

1.  In this action, Plaintiff seeks redress from defendant for its violations of the New York State Human Rights Law and the Fair Credit Reporting Act, among other laws.

## THE PARTIES

2.  Plaintiff is a resident of Bronx, NY.

3.  Upon information and belief, defendant is a Limited Liability partnership organized under the laws of Delaware and licensed to do business in New York. Defendant's business pertains to the rental, sale and management of residential properties in New York City and other locations.

## JURISDICTION AND VENUE

4.  Jurisdiction is proper in this district pursuant to Jurisdiction is also proper under 28 U.S.C. § 1332 in that the parties are citizens of different states. Upon information and belief, jurisdiction is also proper under 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

5.  Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events giving rise to plaintiff's claims occurred within this judicial district.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

6.  Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

1

7. In or about December 2004, plaintiff applied for a position as a concierge for one of Douglas Elliman's residential properties. Upon seeing plaintiff's experience, defendants invited him to start training immediately and to apply for a specific position at one of its locations where there were openings.

8. Plaintiff filled out an application for the position. One of the questions on the application was to the effect of, "Have you ever been convicted of a felony or misdemeanor?" or "Have you ever been convicted of a crime?"

9. Plaintiff truthfully answered the foregoing question in the negative.

10. As it happened, some sixteen years ago, plaintiff had been arrested in connection with a loud party. In response to that arrest, he pled guilty to a non-criminal offense, or "violation," known as Disorderly Conduct, New York Penal Law 240.20.

11. Disorderly conduct is not a misdemeanor; nor is it a felony. It is a non-criminal "violation."

12. Pursuant to New York Criminal Procedure Law 160.50(3)(k)(iii) and (iv), a violation whose occurrence took place more than three years ago is considered a termination in favor of the accused.

13. Furthermore, pursuant to New York Criminal Procedure Law 160.60, no person for whom a criminal proceeding has been terminated in his favor "shall be required to divulge information pertaining to the arrest or prosecution." Therefore, in addition to answering the question truthfully, plaintiff was not required to answer, nor was defendant entitled to enquire into plaintiff's plea of guilty to disorderly conduct.

14. Plaintiff completed training and was sent home to wait for the processing of his application as well as a drug test.

15. The drug test came back negative, but a record search revealed the conviction for disorderly conduct. Defendant took the position – incorrect though it might have been -- that plaintiff had lied on his application and therefore could not hire him at the building where there were openings.

16. Strangely, however, one of defendant managers indicated that there might be a less desirable position available. Plaintiff was advised to speak to the superintendent at that location where this position was available and perhaps the super would offer plaintiff a job.

17. Plaintiff met with the super, who allowed him to start work immediately. Plaintiff worked for one day, during which there were no complaints about his performance. In fact, plaintiff has significant experience working in residential real estate as a concierge, as well as other positions, and he performed his first day as well as could be expected. Plaintiff left at the end of that day and was told that the super would call him back with a schedule.

18. Plaintiff was never called back with any schedule. After plaintiff called to enquire as to why, the super said he would not be hired. Furthermore, defendant refused to pay plaintiff for the four days that he had worked at the defendant.

19. Plaintiff now sues for redress.

FIRST CAUSE OF ACTION
VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW § 296(16)

20. Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

21. Plaintiff's disorderly conduct conviction was a termination in favor of the accused insofar as it was more than three years old and only a violation.

22. Defendants are not entitled to enquire of any applicant for employment a termination in favor of the accused.

23. Furthermore, even if it were, Plaintiff was within his rights not to reveal said conviction, which was neither a misdemeanor nor a felony.

24. Defendant denied plaintiff a position at the desirable location for which it had trained him and initially offered him a position based on the evidence of the non-criminal violation. In addition, its decision not to offer him the second position was based on said information.

25. As a result of the foregoing, defendant is in violation of § 296(16) of the New York Human Rights Law, and plaintiff has been damaged.

SECOND CAUSE OF ACTION
VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW
DISCRIMINATION BASED ON TERMINATION IN FAVOR OF THE ACCUSED

20. Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

21.     As a result of the foregoing, defendant is in violation of the analogous portion of the New York Human Rights Law (i.e., discrimination on the basis of a criminal action terminated in favor of the accused), and plaintiff has been damaged.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW §296(15)

20.     Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

24.     In denying plaintiff the position it initially offered him, defendants violated the terms of § 296(15) of the New York Human Rights Law, discrimination on the basis of a criminal record, and plaintiff has been damaged.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW
## DISCRIMINATION BASED ON CRIMINAL RECORD

20.     Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

21.     As a result of the foregoing, defendant is in violation of the analogous portion of the New York Human Rights Law (i.e., discrimination on the basis of a criminal record), and plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT

20.     Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

21.     Upon information and belief, defendant purchased an investigative report promulgated by a credit reporting agency in connection with plaintiff's employment application.

22.     Upon information and belief, said credit reporting agency was subject to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

23.     Defendant based its decision not to hire plaintiff for the original position it had offered him based on the investigative report. In addition, its decision not to offer him the second position was based on said information.

24.     Defendant is a user of credit information subject to the Fair Credit Reporting Act.

25  Pursuant to 15 U.S.C. § 1681b(b)3, "before taking any adverse action based in whole or in part on [a consumer] report, the person intending to take such adverse action shall provide to the consumer to whom the report relates (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this title[.]"

26. At no time did defendant provide to plaintiff (i) a copy of the investigative report performed on him; or (ii) a description in writing of his rights under the Fair Credit Reporting Act.

27. As a result of the foregoing, defendants are in violation of the Fair Credit Reporting Act and plaintiff has been damaged.

### SIXTH CAUSE OF ACTION
### NEW YORK LABOR LAW § 198

28. Plaintiff repeats and realleges the allegations set forth in all previous allegations as if fully set forth herein.

29. Defendant did not pay plaintiff for wages owed to him for the four days he worked for defendant.

29. As the result of the foregoing, defendant has violated New York Labor Law § 198, and plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands as follows:

    A. Compensatory damages;

    B. Statutory and/or liquidated damages;

    C. Punitive damages;

    D. Cost of suit and attorneys fees pursuant to 15 U.S.C. § 1681n, New York City Human Rights Law and N.Y. Labor Law;

    E. Such other relief as the Court may deem just and proper.

Dated:  New York, New York
         April 6, 2005

                                      /s/
                            GREGORY ANTOLLINO (GA-5950)
                            Attorney for Plaintiff
                            588 Broadway, Suite 904
                            New York, NY 10012
                            (212) 334-7397